Philip J. WAISONOVITZ,
Plaintiff–Appellant,

v.

METRO–NORTH COMMUTER
RAILROAD, Defendant–Third–
Party–Plaintiff–Appellee,

Diane Ard, Executive of Estate of
Robert J. Ard, Jr., Third–
Party Defendant.

No. 08–1744–cv.

United States Court of Appeals,
Second Circuit.

Oct. 26, 2009.

John F. Geida, Law Offices of Norman A. Pattis, LLC, Bethany, CT, for Appellant.

Charles A. Deluca, Ryan Ryan Deluca LLP, Stamford, CT, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, WILFRED FEINBERG, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Philip Waisonovitz appeals from a judgment dismissing on summary judgment his claims under the Federal Employer's Liability Act ("FELA") against Metro–North Commuter Railroad ("Metro–North") for negligent infliction of emotional distress and negligent supervision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ The FELA provides that

[e]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, ... or other equipment.

45 U.S.C. § 51. Claims for negligent infliction of emotional distress, which seek recovery for mental or emotional injury, are cognizable under the FELA. *Consol. Rail Corp. v. Gottshall,* 512 U.S. 532, 549–50, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994).

The "zone of danger" test is used to analyze such claims. *Id.* at 556, 114 S.Ct. 2396. Recovery is thereby limited "to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by the conduct." *Id.* at 547, 114 S.Ct. 2396. Phrased differently, "a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not." *Id.* at 556, 114 S.Ct. 2396.

In his deposition, Waisonovitz testified that he did not see Ard's body between the tracks until the train came to a stop, and that only then did he learn that Ard had been struck by the train. He also admitted that he suffered no physical harm, nor did he anticipate or fear suffering such harm. These statements place him outside the zone of danger.

■ In opposing Metro–North's second motion for summary judgment, Waisonovitz recast his own prior deposition testimony as "questionable," contending that "[i]t only makes sense that [he] would see Ard's body as soon as the car in which [he] was located passed completely over Ard's body." Thus, having allegedly seen Ard's body while the train was still moving, Waisonovitz argues, he entered a state of shock, lost control of the train, and consequently entered *Gottshall*'s zone of danger.

Waisonovitz relies on the data collected from the train's "event recorder" (similar to an airplane's black box), which purportedly indicates that Waisonovitz saw Ard's body on the tracks after the car in which Waisonovitz was located passed over it. Waisonovitz also relies on his affidavit in which he interpreted the event recorder data as demonstrating a "highly unusual" braking pattern.

The district court properly concluded that this zone of danger theory was unsupported by the evidence. *Waisonovitz v. Metro N. Commuter R.R.,* 550 F.Supp.2d 293, 298 (D.Conn.2008). Not only does

499

this theory contradict Waisonovitz's prior—undeniably clear—deposition testimony, but in his affidavit Waisonovitz conceded his inability to explain any cause for his allegedly erratic braking. Summary judgment was therefore appropriate. *See Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 144 (2d Cir.1999).

■ ■ Waisonovitz also brings a negligent supervision claim under the FELA against Metro–North. His brief, however, makes no supporting argument. He first notes: "The zone of danger test must be modified to fit into the factual scenario of a negligent supervision claim given that an employer's awareness of an employee's negligent conduct . . . is different than in a claim of negligent infliction of emotional distress." He then continues: "The failed duty to act which gives rise to negligent supervision puts the employer in a different position than the failed duty which gives rise to negligent infliction of emotional distress. Given these differences, the zone of danger [test] is applied differently, and the scope is different."

Waisonovitz does no more than raise questions. He has therefore waived any such claim. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir.2001) ("It is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Finding no merit in Waisonovitz's remaining arguments, we hereby **AFFIRM** the judgment of the district court.